# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Edward Taylor,<br><br>                    Plaintiff,<br><br>v.<br><br>Nick Rodriguez, *et al.*,<br><br>                    Defendants. | Civil No. 3:25-cv-00484 (SFR)<br><br><br><br><br><br>June 3, 2025 |

## RULING AND ORDER ON APPLICATION
## FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

This is a prison civil rights lawsuit brought by Edward Taylor, an inmate at the MacDougall-Walker Correctional Institute. With his complaint, he filed a motion for leave to proceed *in forma pauperis* ("IFP") – that is, without paying the filing fee. (ECF No. 12.)

Ordinarily, to initiate a complaint in federal court, plaintiffs must pay $405 in filing and administrative fees. *See* 28 U.S.C. § 1914. However, indigent prisoners may proceed without paying these fees in advance. *See* 28 U.S.C. § 1915(a)(1). District courts may authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." *Id.*; *see also Coleman v. Tollefson,* 575 U.S. 532, 534 (2015) (concluding that plaintiffs who qualify for IFP status "may commence a civil action without prepaying fees"). When a plaintiff seeks leave to proceed IFP, the court must determine whether he has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1). To demonstrate economic need sufficient to justify IFP status, a plaintiff does not need to prove absolute destitution. *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). He does, however, need to show

that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

To demonstrate sufficient need, the plaintiff must submit a signed affidavit of his financial assets. 28 U.S.C. § 1915(a)(1). In addition, he must submit "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). To ensure the authenticity of the trust fund statement, the certification must be "obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.*

In this case, Mr. Taylor is unable to pay the $405 filing and administrative fee. His trust account statement shows a balance of $100.91 as of March 23, 2025. He has no employment, and his only income comes from small deposits from family members. Further, his trust account statements from the six months prior to filing do not exceed $176.49. He followed the process laid out in the statute and submitted all relevant materials to demonstrate his qualification to proceed IFP. *See* 28 U.S.C. § 1915(a). For the foregoing reasons, Mr. Taylor's motion for leave to proceed *in forma pauperis* is granted.

                                                          */s/ Thomas O. Farrish*
                                                          Hon. Thomas O. Farrish
                                                        United States Magistrate Judge