UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

EDWARD TAYLOR,                                                   :
                                                                :
                              Plaintiff,                         :
                                                                :
              v.                                                :        25-CV-484 (SFR)
                                                                :
NICK RODRIGUEZ, ET AL.,                                         :
                                                                :
                              Defendants.                        :

---------------------------------------------------------------- x

## INITIAL REVIEW ORDER

Self-represented Plaintiff Edward Taylor, an individual serving a sentence of incarceration[1] in the custody of the Connecticut Department of Correction ("DOC"), brings the present civil rights action pursuant to 42 U.S.C. § 1983. Taylor names four Defendants: District Administrator Nick Rodriguez, Investigator Reyes, DHO Borkowsk, and Correctional Officer Philibert. He brings claims under the Eighth and the Fourteenth Amendments, alleging that Defendants violated his rights related to two disciplinary reports adjudicated against him. Taylor sues Defendants in their individual and official capacities, and he seeks damages and injunctive relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, I must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief

---

[1] I may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). A search on the public available DOC website under the inmate search function shows that Taylor was sentenced on December 27, 2023.

1

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

I have thoroughly reviewed all factual allegations in the Complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A. Based on this initial review, I order as follows.

## I.      BACKGROUND

### A.      Factual Background

The following well-pleaded facts in the Complaint are accepted as true for purposes of this Opinion.

#### 1.      First Disciplinary Report

On February 29, 2024, Taylor received a disciplinary report for disobeying a direct order. Compl. ¶ 10, ECF No. 1. Taylor attended a disciplinary hearing on March 7, 2024, at which Defendant Borkowski adjudged him guilty. *Id*. Taylor filed an appeal on March 11, 2024. *Id*. ¶ 11. On March 28, 2024, Defendant Rodriguez overturned the determination on Taylor's disciplinary report, and informed Taylor that the guilty determination would be removed from his disciplinary record. *Id*.

Months later, on June 26, 2024, Taylor requested a copy of his disciplinary history and was surprised to find that the February 29, 2024, disciplinary report was still on his record and his related loss of 10 days of Risk Reduction Earned Credit ("RREC time") had not been restored. *Id*. ¶ 12. The Complaint alleges that Defendant Rodriguez did not remove the report from his disciplinary history, and that subsequently the prosecutor mentioned the disciplinary report at Taylor's sentencing. *Id*. ¶¶ 12-14. The Complaint does not provide any other information about this sentencing. *See id*.

## 2. Second Disciplinary Report

On April 11, 2024, Taylor received another disciplinary report for security tampering and conspiracy to convey contraband. *Id.* ¶ 15. It appears that Taylor was disciplined based on recorded phone conversations between Taylor and his girlfriend. *Id.* ¶ 23. Taylor says he was "punished" for having a conversation with his girlfriend about "a drug she should try for recreational purposes," but Taylor emphasizes that he never instructed her to bring drugs into the facility and noted that he "does not even get contact visits." *Id.* ¶¶ 21, 23. The Complaint contends that Philibert manipulated various phone calls to make it appear that Taylor said something he says he did not say. *Id.* ¶¶ 18-19. Taylor was also accused of using someone else's phone pin, but Taylor says he never used another individual's pin. *Id.* ¶¶ 19-20.

The Complaint contends that Defendants Reyes and Borkowski were both aware of the errors in the second disciplinary report but failed to correct them despite having access to the relevant audio recordings that contradicted the information in the disciplinary report. *Id.* ¶ 24. The Complaint says that Taylor appealed the second disciplinary report. *Id.* ¶ 26. According to the Complaint, Rodriguez had access to this same exculpatory information at the appeal stage. *Id.* ¶ 25. Taylor posits that all Defendants failed to conduct a proper investigation, leading to him being wrongfully punished. *Id.* ¶ 26.

Plaintiff seeks an order directing Defendants to "properly conduct an investigation" related to the disciplinary reports, to remove any improper disciplinary report findings from his record, and to restore any improperly removed earned time credits. *Id.* ¶¶ 32-33. He also asks for compensatory and punitive damages. *Id.* ¶¶ 34-35.

## II.    DISCUSSION

Taylor challenges two separate disciplinary proceedings, contending that Defendants' actions violated the Fourteenth Amendment, the Eighth Amendment, Connecticut state law, and the relevant Administrative Directive.

### A.    Fourteenth Amendment

Because each disciplinary proceeding raises different issues, I address each proceeding separately.

#### 1.    First Disciplinary Proceeding

The first disciplinary charge—related to disobeying a direct order—was overturned on appeal. Compl. ¶¶ 10, 11. Nonetheless, Taylor says that Rodriguez declined to restore the RREC time that had been removed as a sanction for the first disciplinary charge. *Id.* ¶ 12. Moreover, he objects that a prosecutor invoked his disciplinary record from prison at sentencing. *Id.* ¶ 13. The Complaint seeks an injunction requiring "each defendant to properly conduct an investigation to these mentioned" disciplinary reports and restoring all RREC credits. *Id.* ¶¶ 32-33. It also seeks damages. *Id.* ¶¶ 34-35.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that habeas corpus is the only available remedy where an incarcerated person seeks restoration of good-time credits that would shorten a term of imprisonment. *Id.* at 487. As the Second Circuit has observed, the *Preiser* Court made clear that "for those cases at the heart of habeas corpus—those in which a prisoner challenges the fact or length of his confinement—habeas is the exclusive federal remedy, at least where the prisoner seeks an injunction affecting the fact or length of his incarceration." *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999). "If an inmate earns RREC, the application of RREC to an inmate's sentence affects the overall duration of

the inmate's confinement." *Green v. Riffo*, No. 3:18-CV-960 (CSH), 2019 WL 2302412, at *9 (D. Conn. May 29, 2019). Such a "[c]hallenge[] to the duration of an inmate's confinement must be presented in a habeas petition pursuant to 28 U.S.C. § 2254." *Id.*; *see also Rosa v. Comm'r of Correction*, No. 3:22-CV-1260 (SVN), 2023 WL 4491652, at *4 (D. Conn. July 12, 2023) ("Courts in this Circuit have held that habeas petitions brought by state prisoners challenging the loss of good time credit relate to the execution of their sentences and thus should be brought pursuant to § 2254."). I therefore conclude that Taylor can obtain injunctive relief restoring his RREC credits only by filing a habeas petition pursuant to 28 U.S.C. § 2254. *See Preiser*, 411 U.S. at 487.

The Complaint also seeks damages related to the first disciplinary proceeding. In particular, the Complaint alleges that after the first disciplinary report was overturned on March 28, 2024, the first disciplinary report "was mentioned and used by [the] prosecutor" at Taylor's sentencing. Compl. ¶ 14. It is not clear from the Complaint when this sentencing took place relative to the prison disciplinary proceedings or indeed how Taylor was harmed by this action. Taylor might contend that Defendants erred in failing to inform the sentencing court that Taylor's sanction was overturned on appeal. But because the Complaint does not provide any facts about what was said at Taylor's sentencing, how he believes Defendants caused him to be harmed by the prosecutor's remarks, or what he believes Defendants could have done to avoid any such harm, I cannot assess whether these facts plausibly support a claim for damages under the Fourteenth Amendment. I therefore dismiss the Complaint's claim for damages related to the first disciplinary proceeding with leave to replead. Any Amended Complaint must explain specifically how Defendants violated Taylor's right to due process through their conduct in the first disciplinary proceeding.

### 2.    Second Disciplinary Proceeding

Taylor contends that the second disciplinary proceeding rested on false evidence. Compl. ¶ 23. Although the Complaint says that Taylor appealed the second disciplinary report, *id.* ¶ 26, it does not describe the decision on appeal, *see id.* Nor does the Complaint describe what sanction—if any—was imposed as a result of the second disciplinary proceeding.

"Prisoners may . . . claim the protections of the Due Process Clause. They may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The standard analysis under the Due Process Clause proceeds in two steps: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "In the prison context—involving prisoners whose liberty interests have already been severely restricted because of their confinement—a prisoner plaintiff who complains of adverse action without due process must show that the adverse action amounted to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Galarza v. Erfe*, No. 3:18-CV-00663 (JAM), 2019 WL 121784 (D. Conn. Jan. 7, 2019) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

As this test implies, an incarcerated plaintiff pleading a procedural due process claim must identify the adverse action or liberty interest rescinded as a result of the disciplinary proceeding. *See, e.g.*, *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (stating that a plaintiff seeking to prevail on a procedural due process claim must "demonstrate (1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process") (citation and internal quotation marks omitted); *Stimpson v. Comm'r Correction Off.*, No. 3:16-CV-520(SRU), 2017 WL 326314, at

6

*6 (D. Conn. Jan. 23, 2017) ("To state a claim for violation of procedural due process in connection with confinement associated with a disciplinary infraction, an inmate must show that he had a protected liberty interest and, if he had such an interest, that he was deprived of that interest without being afforded due process of law."). But the Complaint does not identify what sanctions were imposed as a result of the second disciplinary proceeding. Because the Complaint does not describe how Defendants deprived Taylor of a cognizable liberty interest as a result of the second disciplinary proceeding, Taylor's claim related to the second disciplinary proceeding is subject to dismissal.

Nor is it enough for the Complaint to allege that Taylor was falsely accused of misconduct. That is because a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). "For a false misconduct report to be actionable, the prisoner must show either '(1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right.'" *Davis v. Rinaldi*, No. 19-CV-504 (SFR), 2025 WL 2403121, at *13 (D. Conn. Aug. 19, 2025) (quoting *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015)). The standard governing the type or amount of evidence required to support a decision to deprive an incarcerated individual of his liberty is "some reliable evidence." *Elder v. McCarthy*, 967 F.3d 113, 129-30 (2d Cir. 2020). This means that "a hearing officer [cannot] simply . . . ratify the bald conclusions of others; it requires some inquiry to determine whether the totality of facts and circumstances reasonably supports the proffered conclusion." *Id*. (quoting *Sira v. Morton*, 380 F.3d 57, 80 (2d Cir. 2004)). The Complaint alleges that Defendants should have known that the disciplinary report misstated

the content of the phone recordings that was used as evidence of Taylor's misconduct. Compl. ¶¶ 24-25. But the Complaint does not allege that the second disciplinary proceeding was based wholly on fabricated evidence or otherwise unreliable evidence.

The procedural due process claim related to the second disciplinary proceeding is therefore dismissed with leave to replead. If Taylor wishes to pursue this claim, he must describe what sanction was imposed as a result of the second disciplinary proceeding and allege facts that would support the inference that the hearing officer and Defendants punished Taylor without "some reliable evidence" of his misconduct. *Elder*, 967 F.3d at 130.

**B.    Eighth Amendment**

The Complaint contends that Defendants violated the Eighth Amendment of the Constitution. Compl. ¶¶ 28-29.

"The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citation and internal quotation marks omitted; alterations adopted). In the context of an incarcerated plaintiff's claim related to their conditions of confinement, those conditions that are "restrictive or even harsh" do not violate the Eighth Amendment because "they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Nonetheless, the Constitution does not permit prison officials to maintain conditions that result in the "serious deprivation of basic human needs" or the "minimal civilized measure of life's necessities." *Id*. at 347, 349.

A successful claim of deliberate indifference due to unconstitutional conditions of confinement requires facts to support both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the objective element, a plaintiff must allege that

he was incarcerated under a condition or a combination of conditions that resulted in a "sufficiently serious" deprivation of a basic life necessity or "a substantial risk of serious harm" to his health. *Id*. "The Supreme Court has identified the following basic human needs or life necessities of an inmate: food, clothing, shelter, medical care, warmth, safety, sanitary living conditions, and exercise." *Baltas v. Erfe*, No. 3:19CV1820 (MPS), 2020 WL 1915017, at *24 (D. Conn. Apr. 20, 2020) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989); *Rhodes*, 452 U.S. at 348).

The Complaint fails to satisfy the objective element of a condition of confinement claim because Taylor does not describe how—if at all—his conditions of confinement changed as a result of the sanctions challenged here. I therefore dismiss his Eighth Amendment claim without prejudice and with leave to replead.

### C.    Official Capacity Claims

The Complaint asserts claims against Defendants in their official capacities. To the extent Taylor asserts official capacity claims for monetary damages against Defendants (all state employees), such claims are dismissed as barred by state sovereign immunity. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Similarly, although a plaintiff may proceed on a claim for injunctive or declaratory relief against a defendant in their official capacity, here I have concluded that Taylor's injunctive claim (for restoration of RREC credits) is not cognizable under § 1983. Nor does the Complaint allege that Taylor is entitled to declaratory relief. I therefore dismiss all official capacity claims as not plausible.

### D.    Administrative Directive

The Complaint also contends that Defendants are liable for breaching DOC administrative directives. Compl. ¶ 31. "It is well-established that inmate grievance programs

9

created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures do not give rise to a cognizable § 1983 claim." *Brown v. Ruiz*, No. 3:18-CV-1235 (JAM), 2019 WL 1533438, at *3 (D. Conn. Apr. 9, 2019) (internal quotation marks and citations omitted; alterations adopted). Likewise, "allegations that a prison official violated the procedures set forth" in an Administrative Directive or other policy "do not state a claim of a violation of an inmate's constitutional rights." *Olivencia v. Pun*, No. 3:21CV00739 (KAD), 2021 WL 3173137, at *4 (D. Conn. July 27, 2021) (citing *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008)). Accordingly, any claim based on an insufficient grievance review or administrative directive violation must be dismissed.

### E.   State Law Claims

Finally, to the extent Taylor raises state law claims, including breach of contract, those claims are dismissed. Because I have concluded that there are no facially plausible federal law claims against any of the named Defendants, I decline to exercise supplemental jurisdiction over Taylor's state law claims pursuant to 28 U.S.C. § 1367.

## III.   CONCLUSION

The Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If Taylor wishes to attempt to replead any of the claims asserted in his Complaint that have been dismissed to attempt to state a viable claim, he may file an Amended Complaint on or before June 1, 2026. An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original complaint in evaluating any Amended Complaint.

**SO ORDERED.**

New Haven, Connecticut
April 30, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge