UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>NICK RODRIGUEZ, *et al*,<br><br>Defendants. | : | 25-CV-0484 (SFR) |

**INITIAL REVIEW ORDER**

Plaintiff Edward Taylor, an individual serving a sentence in the custody of the Connecticut Department of Correction ("DOC"),[1] brings a civil rights action *pro se* under 42 U.S.C. § 1983 against four defendants: District Administrator Nick Rodriguez, Investigator Reyes, Disciplinary Hearing Officer Borkowski, and Correctional Officer Philibert. Taylor's Amended Complaint suggests violations of the Eighth and the Fourteenth Amendments, and he alleges that Defendants violated his rights related to two separate disciplinary proceedings. Taylor sues Defendants in their individual and official capacities and seeks damages and injunctive relief.

For the reasons explained below, I dismiss Taylor's Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

[1] I may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). A search on the publicly available DOC website under the inmate search function shows that Taylor was sentenced on December 27, 2023, and is imprisoned at Cheshire Correctional Institution.

## I. BACKGROUND

On April 30, 2026, I conducted an initial review of Taylor's original Complaint, and, because I identified deficiencies in that Complaint, I dismissed it. Initial Review Order 10, ECF No. 17. I allowed Taylor an opportunity to replead his claims in an Amended Complaint, which he did on May 22, 2026. Am. Compl., ECF No. 20.

I accept as true the relevant well-pleaded facts in the Amended Complaint, and I assume the parties' familiarity with the previous Initial Review Order. I incorporate all facts from that Order to the extent the facts are alleged in the Amended Complaint, and in what follows I identify the facts that Taylor added to his Amended Complaint to try to cure the deficiencies that I identified. All well-pleaded facts in the Amended Complaint are accepted as true for purposes of this Order.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A, courts must review civil complaints in which an incarcerated plaintiff seeks redress from a governmental entity or officer and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Consistent with this duty, the "submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation modified).

## III. DISCUSSION

I first address Taylor's Fourteenth Amendment claim, and then I address Taylor's Eighth Amendment claim.

### A. Fourteenth Amendment

#### 1. First Disciplinary Proceeding

In his Amended Complaint, Taylor alleges that his overturned disciplinary report and sanction improperly remained on his disciplinary record. Am. Compl. ¶ 3. A state prosecutor then referenced the disciplinary report and sanction—without acknowledging that it was overturned—in Taylor's October 22, 2024, state court sentencing. *Id.* ¶ 5-6. Taylor represents that his October 22, 2024, sentencing took place after the disciplinary sanction was overturned on March 28, 2024. *Id.* ¶ 6. The state prosecutor then relied on that disciplinary sanction as a basis for arguing the sentencing court should impose a longer sentence, telling the court that Taylor "can't stay out of trouble." *Id.* ¶ 5. Taylor alleges that this misrepresentation happened because Defendants failed to remove the overturned disciplinary sanction from his master file, and they additionally failed to inform the sentencing court that the disciplinary sanction was overturned. *Id.* ¶ 7.

Even with this additional information, Taylor has not plausibly pleaded a Fourteenth Amendment claim. First, it is not apparent that Taylor was deprived of liberty based on the

incorrection information provided about his disciplinary record. Taylor has not pleaded facts to support an inference that the sentencing judge relied on the disciplinary report in sentencing him. *See Vann v. Oklahoma State Bureau of Investigation*, 28 F. App'x 861, 863 (10th Cir. 2001) ("A government agency's publication of false or defamatory information is not, by itself, a constitutional violation; rather, the plaintiff must show that an additional action taken on the basis of the information (sometimes called 'stigma plus') deprived him of a liberty or property interest secured by the Constitution."). In addition, at least in some contexts, "where a third party has made a defamatory statement that causes a different entity to take adverse action against the plaintiff, courts have refused to find a constitutional violation." *Gonzales v. Gallegos*, No. CV 02-463 BB/WWD, 2003 WL 27385373, at *3 (D.N.M. Feb. 17, 2003).

Second, the Second Circuit has held that there is generally "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). "For a false misconduct report to be actionable, the prisoner must show either '(1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right.'" *Davis v. Rinaldi*, No. 19-CV-504 (SFR), 2025 WL 2403121, at *13 (D. Conn. Aug. 19, 2025) (quoting *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015)). Here, Taylor has not alleged that he was denied the opportunity at his sentencing proceeding to rebut the prosecutor's statements regarding his disciplinary history or that Defendants failed to remove the disciplinary sanction from his record in retaliation for his exercise of a constitutionally protected right.

Finally, to the extent Taylor seeks damages on the ground that his sentence length was erroneously increased because of misinformation, then Taylor's claim may be barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994). That is because it is arguable that a judgment in favor of Taylor here "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Indeed, Taylor notes that he has appealed his criminal sentence, and that appeal is pending. Am. Compl. ¶ 7.

Thus, I dismiss the Amended Complaint's claim for damages and injunctive relief (removal of the overturned disciplinary report from his master file) related to the first disciplinary proceeding.

**2. Second Disciplinary Proceeding**

With respect to the second disciplinary proceeding, I previously dismissed Taylor's claim because, in part, his Complaint did not allege that the second disciplinary proceeding was based wholly on fabricated or otherwise unreliable evidence.

Taylor does not allege these facts in his Amended Complaint, either. Rather, he alleges that Defendants "used parts from different phone conversations over a period of multiple days to make it seem like I said something which I didn't say." *Id.* ¶ 11. Taylor adds that he was "punished for having a conversation with his girlfriend regarding a substance she should try for recreational use," and that he did not tell her to bring drugs to the facility. *Id.* ¶ 14. Taylor submits that Defendants should have reviewed the phone conversations to verify the substance of the calls. *Id.* ¶¶ 16-17.

Although these facts give more context to Taylor's claim about his second disciplinary proceeding, these additional allegations still do not support a plausible claim that Defendants violated his Fourteenth Amendment rights by adjudicating him guilty without "some reliable evidence" of his misconduct. *See Elder v. McCarthy*, 967 F.3d 113, 130 (2d Cir. 2020).

I therefore dismiss the Amended Complaint's claim for damages and injunctive relief (removal of the disciplinary report from his master file) related to the second disciplinary proceeding.

### B. Eighth Amendment

Finally, Taylor makes only passing reference to the Eighth Amendment, but he does not allege facts supporting an Eighth Amendment claim.

"[T]he mere mention of a constitutional provision is not sufficient to state a claim for relief under that provision." *Myers v. Quiros*, No. 3:25-CV-763 (SVN), 2026 WL 145218, at *2 (D. Conn. Jan. 20, 2026); *see also Harris v. Doe*, No. 24-CV-151 (MPS), 2024 WL 1344697, at *3 (D. Conn. Mar. 29, 2024).

Moreover, although Taylor now specifies the disciplinary sanctions that stemmed from the second disciplinary proceeding, Am. Compl. ¶ 17, he alleges no facts supporting an inference that Defendants acted with the culpable intent necessary for the subjective component of the Eighth Amendment standard, *see Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

I therefore dismiss Taylor's Eighth Amendment claim.

## IV. CONCLUSION AND ORDERS

The Amended Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If Taylor wishes to attempt to replead any of the claims asserted in his Amended Complaint that have been dismissed to attempt to state a viable claim, he may file a Second Amended Complaint on or before **November 30, 2026**. A Second Amended Complaint, if filed, will completely replace the Amended Complaint, and the Court will not consider any

allegations made in the Amended Complaint or original Complaint in evaluating any Second Amended Complaint.

**SO ORDERED.**

New Haven, Connecticut
October 28, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge